DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony Riggins appeals the Scioto County Common Pleas Court's sentencing entry, which imposed non-minimum, consecutive sentences upon him for two counts of assault. Riggins contends that the trial court erred when it considered R.C. 2929.14(B) and (E)(4) in imposing non-minimum, consecutive sentences. Because the Ohio Supreme Court has declared R.C. 2929.14(B) and (E)(4) unconstitutional, we find Morris' sentences void. See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one and three of the syllabus and ¶ 103.[1] Accordingly, we vacate Riggins's sentences and remand this cause to the trial court for a new sentencing hearing.
 I. {¶ 2} A Scioto County jury found Riggins guilty of two counts of assault, fifth degree felony violations of R.C. 2903.13. The trial court conducted a sentencing hearing in accordance with R.C. 2929.19, and sentenced Riggins to a prison term of eleven months on each count, to be served consecutively, for a total of twenty-two months. Riggins appeals and asserts the following assignment of error: "The trial court erred when it sentenced Appellant to more than the minimum and consecutive sentences."
 II. {¶ 3} In his assignment of error, Riggins asserts that the trial court erred when it based its sentence upon R.C. 2929.14(B) and (E)(4). R.C.2929.14(B) is unconstitutional because it requires judicial fact-finding. Foster, supra, paragraph one of the syllabus. R.C.2929.14(E)(4) is unconstitutional because it requires trial courts to make findings based on facts that a jury has not determined or a defendant has not admitted. Id. at paragraph three of the syllabus, citing Apprendi v. New Jersey (2000), 530 U.S. 466; Blakely v.Washington (2004), 542 U.S. 296. Because the Foster court found R.C.2929.14(B) and R.C. 2929.14(E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts for resentencing. Id. at ¶ 103-¶ 104.
 {¶ 4} Here, Riggins's case is on direct appeal. The trial court considered R.C. 2929.14(B) and (E)(4) before it imposed non-minimum, consecutive sentences. Therefore, we find that Riggins's sentences are void.
 {¶ 5} Accordingly, we vacate Riggins's non-minimum, consecutive sentences and remand this cause to the trial court for re-sentencing.
SENTENCES VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the SENTENCES BE VACATED and THIS CAUSE BE REMANDED to the trial court with an instruction to re-sentence the defendant and that the costs herein be taxed to the Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] We note that the trial court did not have the benefit of theFoster decision before it sentenced Riggins.